UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENTLE THOMAS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-01991-JPH-DLP ) |
| C.R. ENGLAND INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Gentle Thomas filed a complaint[1] against a trucking company—C.R. England, Inc.—for damages relating to a highway collision with one of its drivers. *See* dkt. 1. But that complaint does not show that this Court has subject-matter jurisdiction over his claims. *See id.* Mr. Thomas has also not paid the filing fee or filed a motion to proceed *in forma pauperis*. And he has not updated the Court with his current address as is required.

Mr. Thomas shall therefore have until **August 27, 2021**, to show cause why his case should not be dismissed without prejudice for lack of subject-matter jurisdiction, for nonpayment of the filing fee, and for failure to notify the Court of his current address.

The **clerk shall** include a form motion to proceed *in forma pauperis* and a form civil complaint with Mr. Thomas' copy of this order.

---

[1] Consistent with its obligation to construe pro se pleadings liberally, the Court construes Mr. Thomas' "Motion for Civil Lawsuit," dkt. 1, as a complaint. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

# I.
# Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). To hear and rule on the merits of a case, a federal "court must have the power to decide the claim before it (subject-matter jurisdiction)." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Supreme Court has explained the two general ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Thomas' complaint does not identify a federal claim. *See* dkt. 1. He alleges that Frank John Smith, a truck driver, "rear-ended" him on an Indiana interstate, and he seeks damages from Mr. Smith's employer for equipment damage and medical expenses. *See id.* at 2–3. Without more, these allegations do not establish federal-question jurisdiction.

Nor has Mr. Thomas established diversity jurisdiction. First, diversity jurisdiction requires that "no plaintiff may be from the same state as any defendant." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). Although the parties here *may* be citizens of different states, *see* dkt. 1-1 (envelope addressed from a jail in Hamilton County, Indiana); dkt. 1 at 1 (alleging that C.R. England Inc. is "located in Salt Lake City, Utah"), the complaint does not state that clearly, and the Court must assure itself of jurisdiction before assessing the merits of a suit. Second, diversity jurisdiction requires the amount in controversy of the lawsuit to exceed $75,000. *See* 28 U.S.C. § 1332(a) ("[T]he matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs . . . ."). Mr. Thomas' complaint does not state the value of damages he seeks. *See* dkt. 1.

To remedy these jurisdictional defects, Mr. Thomas must either file an amended complaint or show cause why the current complaint establishes subject-matter jurisdiction. Mr. Thomas shall have **through August 27, 2021**, to take either action. If he fails to take either action by this date, the Court will dismiss this case without prejudice.

## II.
## Filing Fee

Mr. Thomas has filed his complaint without paying the filing fee or demonstrating that he lacks the financial ability to do so. He **shall have through August 27, 2021**, to pay the $402.00 filing fee or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his motion must include a copy of the transactions associated with his institution trust account for the six-month period preceding the filing of his complaint on July 6, 2021. 28 U.S.C. § 1915(a)(2). The **Clerk shall include** a form motion to proceed *in forma pauperis* with Mr. Thomas' copy of this order.

## III.
## Mailing Address

On July 19, 2021, a document mailed to Mr. Thomas was returned to the Court. Dkt. 3. The envelope stated that it was "not deliverable as addressed" and "unable to forward." *Id.*

Parties have a duty to notify the Court of any change in mailing address. *See* Fed. R. Civ. P. 11(a) (stating that all filed "[p]apers must state the signer's address"); S.D. Ind. L.R. 5-1(b) (requiring filings to include the "complete address . . . of the *pro se* litigant or attorney who files it"). Mr. Thomas shall therefore notify the Court of his current address by **August 27, 2021**.

## IV.
## Conclusion

Mr. Thomas shall have until **August 27, 2021**, to show cause why his case should not be dismissed without prejudice for lack of subject-matter

jurisdiction, for nonpayment of the filing fee, and for failure to notify the Court of his current mailing address.

The **clerk shall** include a form motion to proceed *in forma pauperis* and a form civil complaint with Mr. Thomas' copy of this order.

**SO ORDERED.**

Date: 7/29/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GENTLE THOMAS, JR.
HAMILTON COUNTY JAIL
18102 Cumberland Road
Noblesville, IN 46060